## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:08-CR-436 |
| | : | |
| v. | : | (Judge Rambo ) |
| | : | |
| **LYNDA  DIEU  PHAN** | : | (electronically filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1.  Waiver of Indictment/Plea of Guilty.  The defendant agrees to waive indictment by a grand jury and plead guilty to a two-count felony information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania.  Count 1 of that Superseding Felony Information will charge the defendant with a violation

of Title 18, United States Code, Section 371, criminal conspiracy to commit

forced labor trafficking, forced labor, and marriage fraud. The maximum

penalty for that offense is imprisonment for a period of five years, a fine of

$250,000, a maximum term of supervised release of up to three years, to be

determined by the court, which shall be served at the conclusion of and in

addition to any term of imprisonment, the costs of prosecution, denial of

certain federal benefits as well as an assessment in the amount of $100.

Count 2 of that Superseding Felony Information will charge the defendant

with forfeiture, in violation of Title 18, United States Code, Sections 981

and 1594 and 28 United States Code, Section 2461. At the time the guilty

plea is entered, the defendant shall admit to the Court that the defendant is,

in fact, guilty of the offense charged in the information. The defendant

further agrees that any legal and factual issues relating to the application of

the Federal Sentencing Guidelines to the defendant's conduct, including

facts that support any specific offense characteristic or other enhancement

or adjustment and the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court after briefing, or a pre-

sentence hearing, or at a sentencing hearing. In the event that the defendant

subsequently successfully vacates or sets aside any plea, conviction or

sentence imposed pursuant to this plea agreement, the defendant further

agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

2. <u>Supervised Release.</u>  The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA  sample if the collection of a sample is so authorized by law.

3. <u>Dismissal of Counts.</u>  At the time of sentencing on the information described above, the United States agrees to move for dismissal of the indictment filed under Criminal Number 1:CR-08-436.  The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this plea agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based

upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

4.    <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is five years in prison and/or fines totaling $250,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

5.    <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6.    <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  No later than the date of sentencing, the

defendant or defendant's counsel shall mail a check in payment of the

special assessment directly to the Clerk, United States District Court Middle

District of Pennsylvania.  This check should be made payable to "Clerk,

United States District Court."  Counsel for the defendant shall provide a

copy of the special assessment check or a Clerk's receipt to the United

States Attorney's Office for the Middle District of Pennsylvania at the time

of sentencing certifying compliance with this provision of the plea

agreement.  If the defendant intentionally fails to make this payment, pays

with an insufficient funds check, or otherwise fails to comply with any of

the requirements of the United States Attorney's Office's Financial

Litigation Unit regarding the special assessment, it is understood that this

failure may be treated as a breach of this plea agreement and may result in

further prosecution or the filing of additional criminal charges, or a

contempt citation.

7.    Financial Litigation Unit Investigation.  The defendant agrees, as a part of

this agreement, to submit to interviews by the United States Attorney's

Office's Financial Litigation Unit regarding the defendant's financial status.

As part of this process, the defendant, whether represented by counsel or

not, consents to contact by and communication with the Financial Litigation

Unit, and regarding representation by undersigned counsel, the defendant

and counsel consent to contact by and communication with the Financial

Litigation Unit and agree to waive any prohibition against communication

with a represented party by the United States Attorney's Office regarding

defendant's financial status.  Pursuant to Title 18, United States Code,

Section 3664 (d)(3) the defendant also agrees to complete the required

financial affidavit, fully describing the defendant's financial resources

within 10 days of the guilty plea.  The defendant will submit the original

affidavit, on forms prescribed by the probation office, to the U.S. Probation

Office with a copy to the United States Attorney's office.

8.    No Further Prosecution, Except Tax Charges.  The United States Attorney's

Office for the Middle District of Pennsylvania agrees that it will not bring

any other criminal charges against the defendant directly arising out of the

defendant's involvement in the offense described above.  However, nothing

in this agreement will limit prosecution for criminal tax charges, if any,

arising out of those offenses.

9.    Rule 11(c)(1)(C) Binding Agreement.  Pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure, the government and the defendant

stipulate and agree to the following:   The defendant shall be sentenced to a

term of imprisonment of 90 days followed by a term of house arrest of 270

days; shall be ordered to pay a special assessment of $100 as well as a $300

fee for processing the forfeiture matter; and shall pay restitution to the

victims "A.V." and "T.V." in an amount totaling $300,000, $250,000 of

which is to be paid no later than the date sentence is imposed, with the

remaining $50,000 to be paid during the time period of her incarceration

and house arrest.  Said restitution to be joint and several with co-defendants

**JUSTIN PHAN AND DUC CAO NGUYEN.**  The defendant further agrees

to the forfeiture of the $134,682 seized from 565 Sandpiper Lane, New

Cumberland, PA, and $50,734.82 seized from two Commerce Bank

accounts.  These amounts shall be applied towards the $250,000 restitution

that is to be paid no later than the date sentence is imposed.  The defendant

also agrees to the forfeiture of 2008 black Toyota Highlander registered to

Duc Cao Nguyen.  The parties agree that this sentence is a reasonable

sentence under the facts and circumstances of this case.  If at sentencing the

court fails to accept the stipulations of the parties, or imposes a sentence

other than what is agreed to by the parties, then either the defendant or the

government has the right to withdraw from this agreement and withdraw

any guilty plea entered pursuant to this agreement.

10.    Joint Plea Agreements.  The defendant agrees and understands that an

express condition of this plea agreement is that co-defendants **JUSTIN**

**PHAN** and **DUC CAO NGUYEN** plead guilty to superseding felony

informations, which informations will charge them with marriage fraud and forfeiture. Failure of co-defendants **JUSTIN PHAN AND DUC CAO NGUYEN** to plead guilty to those charges will be grounds for the United States to rescind the plea agreement and proceed to trial against the defendant on offenses charged in the Indictment. In addition, the defendant agrees that the United States may at its sole election reinstate any dismissed counts in the event that the charges to which the co-defendants **JUSTIN PHAN AND DUC CAO NGUYEN** have pleaded guilty are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of those charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that either or both co-defendants successfully vacate or set aside any conviction imposed upon the Indictment .

11. <u>Criminal Forfeiture</u>. Defendant states she is desirous of ending all pending civil and criminal matters in the Middle District of Pennsylvania and to avoid needless litigation and the expense concomitant therewith agrees to settle the civil and criminal matters arising out of her involvement in a criminal conspiracy to commit forced labor trafficking, forced labor, and marriage fraud. Defendant further agrees to the following:

a.   Forfeiture of all properties, real and personal listed in Count 2 of the Superseding Felony Information;

b.   The immediate entry of the preliminary order of forfeiture;

c.   Waives her right to the personal service of all process and further names James West, Esquire as his/her agent for service of all process;

d.   Further waives her right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.   Defendant further agrees to sign any and all documents necessary to effectuate the forfeiture and costs associated therewith;

f.   Defendant further agrees to the immediate payment of $300 for costs of the forfeiture and submits said amount with the signed plea agreement.

g.   The defendant agrees to waive any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provides the basis for these charges. The defendant further agrees to waive any double jeopardy challenges the defendant may have to these charges based upon any pending or completed administrative or civil forfeiture actions.

12.   <u>Mandatory Restitution Act</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full.

The defendant agrees to take all steps to facilitate collection of this restitution. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter, both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found due and owing by the Court at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the Court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings will be remitted to crime victims to reduce the defendant's restitution obligation in this case.

13. Background Information for Probation Office. The defendant also understands that the United States will provide to the United States

Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

14.    Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the

defendant to the pre-sentence report or the Court's rulings, will not be

grounds for withdrawal of a plea of guilty.

15.    <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and

Witness Protection Act, the Justice for All Act, and the regulations

promulgated under those Acts by the Attorney General of the United States,

crime victims have the following rights:

a.    The right to be reasonably protected from the accused.

b.    The right to reasonable, accurate, and timely notice of any public
court proceeding or any parole proceeding, involving the crime or of
any release or escape of the accused.

c.    The right not to be excluded from any such public court proceeding,
unless the court, after receiving clear and convincing evidence
determines that testimony by the victim would be materially altered if
the victim heard other testimony at that proceeding.

d.    The right to be reasonably heard at any public proceeding in the
district court involving release, plea, sentencing, or any parole
proceeding.  The defendant understands that the victim's comments
and recommendations at any of these proceedings may be different
than those of the parties to this agreement.

e.    The reasonable right to confer with the attorney for the Government
in the case.  The defendant understands that the victim's opinions and
recommendations given to the attorney for the Government may be
different than those presented by the United States as a consequence
of this agreement.

f.    The right to full and timely restitution as provided for by law.  The
attorney for the Government is required to "fully advocate the rights
of victims on the issue of restitution unless such advocacy would
unduly prolong or complicate the sentencing proceeding," and the

Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

g.  The right to proceedings free from unreasonable delay.

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

16.  <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

17.  <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and

documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

18.    Further Prosecution for Perjury, False Statement, Etc. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

19.    No Civil Claims or Suits.   The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement,

including but not limited to any claims for attorneys' fees and other
litigation expenses arising out of the investigation and prosecution of this
matter. By the defendant's guilty plea in this matter the defendant further
acknowledges that the government's position in this litigation was taken in
good faith, had a substantial basis in law and fact and was not vexatious.

20.    Status of Professional License.  It is further understood and agreed that the
status of any professional license held by the defendant is not protected by
this agreement and is a matter solely within the discretion of the appropriate
licensing authority.  The United States may in its discretion provide to any
such licensing authority any documents and information in its possession.

21.    Appeal Waiver.  The defendant is aware that Title 18, United States Code,
Section 3742 affords a defendant the right to appeal the conviction and
sentence imposed.  Acknowledging all of this, the defendant knowingly
waives the right to appeal any conviction and sentence, including a sentence
imposed within the statutory maximum, on any and all grounds set forth in
Title 18, United States Code, Section 3742 or any other grounds,
constitutional or non-constitutional, including the manner in which that
sentence was determined in light of United States v. Booker, 125 S. Ct. 738
(2005).  The defendant also waives the defendant's right to challenge any
conviction or sentence or the manner in which the sentence was determined

in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

22. <u>Non-Limitation on Government's Response</u>. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

23. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

24. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that

the defendant has committed new crimes while awaiting plea and /or

sentencing in this case, the government may petition the Court and, if the

Court finds by a preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or sentencing, the

Government shall be free at its sole election to either: A) withdraw from this

agreement, or B) make any sentencing recommendations to the Court that it

deems appropriate. The defendant further understands and agrees that, if the

Court finds that the defendant has committed any other offense while

awaiting plea or sentencing,  the defendant will not be permitted to

withdraw any guilty pleas tendered pursuant to this plea agreement, and the

government will be permitted to bring any additional charges which it may

have against the defendant.

25.    Plea Agreement Serves Ends of Justice. The United States is entering into

this Plea Agreement with the defendant because this disposition of the

matter fairly and adequately addresses the gravity of the series of offenses

from which the charges are drawn, as well as the defendant's role in such

offenses, thereby serving the ends of justice.

26.    Merger of All Prior Negotiations.  This document states the complete and

only Plea Agreement between the United States Attorney for the Middle

District of Pennsylvania and the defendant in this case, and is binding only

on the parties to this agreement, supersedes all prior understandings, if any,

whether written or oral, and cannot be modified other than in writing that is

signed by all parties or on the record in Court. No other promises or

inducements have been or will be made to the defendant in connection with

this case, nor have any predictions or threats been made in connection with

this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure

the defendant certifies that the defendant's plea is knowing and voluntary,

and is not the result of force or threats or promises apart from those

promises set forth in this written plea agreement.

27.    <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement

must be signed by the defendant and defense counsel and received by the

United States Attorney's Office on or before 5:00 p.m., September 9, 2009,

otherwise the offer may, in the sole discretion of the Government, be

deemed withdrawn.

28.    <u>Required Signatures</u>. None of the terms of this agreement shall be binding

on the Office of the United States Attorney for the Middle District of

Pennsylvania until signed by the defendant and defense counsel and until

signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

09/8/09
Date

_Lynda Dieu Phan_
Lynda Dieu Phan
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

9/9/09
Date

James West, Esquire
Counsel for Defendant

9-14-2009
Date

United States Attorney

chf/CHF
September 3, 2009/2008R00445.

Post-Booker Plea Agreement 11/6/08